593 F.Supp.2d 1213 (2008)
OREGON NATURAL DESERT ASSCIATION, Center for Biological Diversity, and Western Watersheds Project, Plaintiffs,
v.
Abigail KIMBELL, Chief, U.S. Forest Service, Gary L. Benes, Supervisor, Malheur National Forest, United States Forest Service, D. Robert Lohn, Regional Administrator, National Marine Fisheries Service, and National Marine Fisheries Service, Defendants,
v.
Harley Allen, Sherrie Allen, Kenneth R. Brooks, Robert L. Brooks, Mary Ellen Brooks, Ron Burnette, J & M Coombs Ranch, LLC, Monty Crum, Dayville Grazing Association, Elliott Livestock Company, Inc., Holliday Land & Live-stock, Inc., Darrel Holliday Ranch, Inc., Peter G. McElligott, Nancy J. McElligott, Leland F. McGirr, Jr., Morgrass Grazing Association, Rocky Bluff Ranch, Loren Stout, Piper Stout, Trini-D, LLC, Vaughan Ranch, Inc., Windy Point Cattle Co. Inc., 4J Ranches, LLC, dba 4J Ranches, and Chet Hettinga, Intervenors.
Civil No. 07-1871-SU.
United States District Court, D. Oregon.
September 12, 2008.
*1214 David H. Becker, Peter MacNamara Lacy, Oregon Natural Desert Association, Stephanie M. Parent, Portland, OR, Kristin F. Ruether, Advocates For The West, Boise, ID, for Plaintiffs.
Courtney O'Hara Taylor, Erik Edward Petersen, Lisa L. Russell, U.S. Department of Justice, Washington, DC, Stephen J. Odell, United States Attorney's Office, Portland, OR, for Defendants.
Anne Devlan Foster, Elizabeth E. Howard, Elizabeth E. Howard, Anne Devlan Foster, Dunn Carney Allen Higgins & Tongue, LLP, Kate L. Moore, Dunn Carney, Portland, OR, Kjersten H. Turpen, for Intervenors.
Caroline Lobdell, Western Resources Legal Center, Portland, OR, for Movants.

ORDER
SULLIVAN, United States Magistrate Judge.
Plaintiffs Oregon Natural Desert Association, Center for Biological Diversity, and Western Watersheds Project (collectively "ONDA") filed a complaint against United States Forest Service ("Forest Service") and the National Marine Fisheries Service ("NMFS"), alleging violations of the Endangered Species Act ("ESA"), the National Forest Management Act ("NFMA") and the Administrative Procedures Act ("APA"). This case was consolidated with Allen v. National Marine Fisheries Service, No. 08-151-SU (D.Or. filed Feb. 5, 2008), a case brought by ranchers (hereafter "Intervenors") who hold grazing live-stock *1215 permits on the Malheur National Forest ("MNF"). The Intervenors also challenge defendants' decision regarding grazing under the APA.
In an Opinion and Order dated September 5, 2008, Judge Haggerty granted ONDA's request for a preliminary injunction enjoining the Forest Service, Dayville Grazing Association, Chet Hettinga, Loren Stout, Piper Stout, and Ron Burnette "from authorizing, allowing, carrying out livestock grazing, on the Murderers Creek Allotment and Lower Middle Fork Allotment on the MNF, pending the court's decision on the merits of plaintiffs' claims." Ore. Natural Desert Ass'n v. U.S. Forest Service, No. 07-1871-SU, 2008 WL 4186913 (D.Or. Sep. 5, 2008) (opinion and order granting preliminary injunction).[1] In seeking to enjoin the Forest Service, ONDA contended that the Forest Service and NMFS failed to comply with their obligations under §§ 7 and 9 of the ESA, in issuing the 2007-2011 BiOp for steelhead and authorizing grazing on the Murderers Creek and Lower Middle Fork allotments. Id.
ONDA has now filed a Motion Regarding Scope of Review and the Intervenors have filed a Motion to Supplement Administrative Record. The government opposes both motions. Oral argument was heard on August 28, 2008, and, for the reasons set forth below, ONDA's motion is GRANTED, and the Intervenors' motion is DENIED, with leave to renew when dispositive motions are filed.

I. ONDA's Motion Regarding Scope of Review
ONDA seeks an order allowing it to introduce evidence, including expert reports and evidence obtained through discovery, to prove its claims of violations of ESA §§ 7 and 9. ONDA contends that the claims that the Forest Service's grazing management resulted in violations of the ESA § 9 prohibition against "take" of threatened species, and that the Forest Service failed to comply with its on-going duty under ESA § 7 to insure against jeopardy and failed to re-initiate consultation with NMFS, arise directly under the citizen suit provision of the ESA. ONDA argues that extra-record evidence is necessary for it to carry its burden of proof in its suit for injunctive relief pursuant to the ESA citizen suit provision. 16 U.S.C. § 1540(g)(1)(A). According to ONDA, because these claims do not arise under the APA, they are obligated to produce evidence to prove their claims. Additionally, ONDA contends the ESA claims are not limited by the principle that judicial review should be based primarily on the administrative record. The Forest Service objects to any evidence outside of the administrative record. The Intervenors, however, concede that discovery and expert testimony are available for ONDA's citizen suit claims under the ESA.
To establish their § 9 claim, ONDA intends to rely on "evidence similar to what it submitted in support of its motion for a preliminary injunction." (Pls.' Mem. Supp. Scope Review 21.) To establish their § 7 claim, ONDA asks the court to allow evidence arising subsequent to the administrative decisions reflected in the administrative record, including documentation and expert evidence, such as the Christie and Rhodes declarations and supporting exhibits submitted with the preliminary *1216 injunction motion. (Pls.' Mem. Supp. Scope Review 25.)
ONDA's request to submit evidence in support of their claims arising under the citizen suit provision of the ESA is granted. The court agrees that the claims arising under the ESA are not limited to the administrative record review restrictions of the APA. See Wash. Toxics Coalition v. EPA, 413 F.3d 1024, 1029 (9th Cir.2005); see also Defenders of Wildlife v. Martin, 454 F.Supp.2d 1085, 1095 (E.D.Wash.2006) Moreover, the court considered this same evidence in making the determination to issue a preliminary injunction in this matter. For the court now to reverse direction and prohibit the evidence would be inconsistent with its prior ruling and contrary to the ESA. Defendants and Intervenors will be permitted to conduct discovery and challenge ONDA's proposed evidence.

II. Intervenors' Motion to Supplement the Administrative Record
The Intervenors contend, and the government does not dispute, that materials outside the administrative record may be considered by the court in its review of the agencies' actions under the APA. However, the evidence outside the administrative record must fall into four well-recognized exceptions: (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision; (2) if the agency has relied on documents not in the record; (3) when supplementing the record is necessary to explain technical terms or complex subject matter; (4) when plaintiffs make a showing of agency bad faith. Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S. Dept. of Agriculture, 499 F.3d 1108, 1117 (9th Cir.2007).
The administrative record in this case is voluminous. Both ONDA and the Intervenors must have an opportunity to review the record, including any supplemental materials in the record, in order to determine whether extra-record evidence will be needed and submitted to prove their claims under the APA. This court will follow the procedure of determining whether evidence falls within one of the exceptions when such evidence is submitted in support of substantive motions. See, e.g., Southwest Ctr. for Biological Diversity v. U.S. Forest Service, 100 F.3d 1443 (9th Cir.1996) (extra-record evidence was submitted in support of plaintiffs' summary judgment motion); Inland Empire Public Lands Council v. Glickman, 88 F.3d 697 (9th Cir.1996) (environmental groups' extra record evidence was submitted in support of their summary judgment motion).

III. Schedule for Further Proceedings
The Intervenors and ONDA have requested adequate time to review the administrative record, request any supplemental record materials from the government, and conduct the necessary discovery regarding extra-record material, including preparation of experts and depositions as needed. The Intervenors and ONDA have submitted proposed schedules for further proceedings. The government has indicated a willingness to remain open to discussing particular documents or other evidence that may be of relevance to the case. Accordingly, the parties are directed to work together to submit a stipulated schedule to accomplish the tasks necessary for resolution of this case. The court will schedule a status conference at a mutually convenient time, but no later than October 14, 2008, to review the parties' schedule and to resolve any disputes that may have arisen.
ONDA's Motion Regarding Scope of Review (doc. # 115) is GRANTED. The *1217 Intervenors' Motion to Supplement the Administrative Record (doc. # 112) is DENIED, with leave to renew when dispositive motions are filed.
IT IS SO ORDERED.
NOTES
[1] In his Opinion and Order, Judge Haggerty reviewed the factual background, statutory and regulatory provisions, claims and relief sought regarding ONDA's request for preliminary injunction, and standards of review for injunctive relief. There is no need to repeat his review in this Order.